UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JUSTIN WESLEY SUMMERFIELD; JAMES EDWARD SUMMERFIELD | NO. CIV. 2:10-2884 WBS EFB |
| Plaintiffs, | <u>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS</u> |
| v. | |
| WAYNE FACKRELL; MARIO ANGELONE, | |
| Defendants. / | |

----oo0oo----

Plaintiffs Justin Wesley Summerfield and James Edward Summerfield brought this action against defendants Wayne Fackrell and Mario Angelone arising from the allegedly unlawful arrests of plaintiffs. Fackrell moves to dismiss the state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 7.) Angelone moves for judgment on the pleadings on the state law claims pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 8.) The motions are based solely on the requirements

1

of California's Government Claims Act ("GCA"), Cal. Gov't Code §§ 810-978.8.  Plaintiffs have filed a statement of non-opposition and request leave to amend.  (Docket No. 9.)

I.  Factual and Procedural Background

On October 29, 2008, Fackrell, a deputy sheriff for the County of Trinity ("County"), and Angelone, an employee of Child Protective Services ("CPS") for the County, allegedly unlawfully arrested plaintiffs at their relative's residence.  (Compl. ¶¶ 1, 5-6, 16-18 (Docket No. 1).)  Defendants were at the residence to report to plaintiffs' relative that an investigation into molestation of her son would be closed.[1]  (Id. ¶¶ 10-12.)  At some point, plaintiffs arrived at the residence, "having been called regarding the presence of the law enforcement officers on [the relative's] porch."  (Id. ¶ 13.)  The Complaint alleges that plaintiffs "repeatedly verbally instructed [defendants] to remove themselves from the premises" and "a brief verbal altercation" preceded the arrests.  (Id. ¶¶ 15-16.)

On October 27, 2010, nearly two years after the arrests, plaintiffs filed this Complaint.  The Complaint alleges violations of 42 U.S.C. § 1983 and California Civil Code section 52.1 (California's civil rights statute), and brings claims for assault, battery, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment.  The following vague allegation may or may not pertain to compliance with the GCA: "A state claim was filed."  (Id. ¶ 2.)

---

[1] The investigation of child molestation allegedly did not involve plaintiffs.  (Compl. ¶ 10 (Docket No. 1).)

II.  <u>Discussion</u>

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009), and where a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. <u>Usher v. City of L.A.</u>, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation mark omitted).

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is "proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990). A Rule 12(c) motion may also ask for judgment on the basis of plaintiff's "[f]ailure to state a claim upon which

3

relief can be granted." Fed. R. Civ. P. 12(h)(2)(B).  Such a motion is essentially equivalent to a Rule 12(b)(6) motion to dismiss, so a district court may "dispos[e] of the motion by dismissal rather than judgment."[2] <u>Sprint Telephony PCS, L.P. v. Cnty. of San Diego</u>, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004). Here, while Fackrell moves to dismiss pursuant to Rule 12(b)(6), Angelone moves for judgment on the pleadings pursuant to Rule 12(c).  The court will treat Angelone's motion, which largely repeats the arguments in Fackrell's motion, as a motion for judgment on the basis of plaintiff's "[f]ailure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(h)(2)(B).

California Government Code section 950.2 bars certain suits against a public employee for an injury resulting from an act or omission in the scope of his employment. <u>See</u> Cal. Gov't Code § 950.2.  The suit against the public employee is barred if it would be barred had the suit been brought against the employing public entity. <u>Id.</u> ("[A] cause of action against a public employee or former public employee . . . is barred if an action against the employing public entity for such injury is barred . . . .").  Section 945.4 provides that a suit for damages

---

[2] The motions differ in only two respects:

(1) the timing (a motion for judgment on the pleadings is usually brought <u>after</u> an answer has been filed, whereas a motion to dismiss is typically brought <u>before</u> an answer is filed), and (2) the party bringing the motion (a motion to dismiss may be brought <u>only</u> by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by <u>any</u> party).

<u>Sprint Telephony PCS, L.P. v. Cnty. of San Diego</u>, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004) (internal citation omitted).

may not be brought in court against a public entity "for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Id. § 945.4.

The GCA, subject to exceptions inapplicable here, requires a plaintiff to present to the local public entity "all claims for money or damages" against the local public entity. Id. § 905. A claim for injury to a person must be presented within six months of the time of accrual of the cause of action. Id. § 911.2(a). Section 911 provides that a plaintiff may file an application, within a reasonable time not to exceed one year, to file an untimely claim. Id. § 911.4(a)-(b). Section 915 governs the means of presentation of a claim to the public entity and section 910 governs the content of the claim. See id. §§ 910, 915. A plaintiff must allege facts suggesting compliance with the GCA. Failure to do so is fatal to a claim covered by the GCA. See, e.g., Kennedy v. Hayes, No. 1:09-cv-01946 JLT (PC), 2010 WL 5440805, at *9-10 (E.D. Cal. Dec. 28, 2010).[3]

---

[3]   Section 950.4 provides for an exception to this bar of suits against a public employee:

> A cause of action against a public employee or former public employee is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee.

5

Here, the Complaint alleges claims against a deputy sheriff and CPS employee of the County for an injury resulting from an act or omission in the scope of their employment. These claims are barred if the claims would be barred against the County. See Cal. Gov't Code § 950.2. A suit for damages against the County may not be brought unless a claim has been presented to the County and has been acted upon or been deemed rejected. See id. §§ 905, 945.4. Thus, these state law claims against defendants may not be brought unless a claim has been presented to the County and has been acted upon or been deemed rejected. While the Complaint may contain a vague reference to compliance with the GCA, the Complaint is insufficient as pled. Accordingly, the court will grant Fackrell's motion to dismiss and Angelone's motion for judgment on the pleadings, construed as a motion to dismiss.[4]

IT IS THEREFORE ORDERED that Fackrell's motion to dismiss and Angelone's motion for judgment on the pleadings, construed as a motion to dismiss, be, and the same hereby are, GRANTED.

///
///
///
///

---

Cal. Gov't Code § 950.4.

[4] A Rule 12(c) motion may ask for judgment on the basis of plaintiff's "[f]ailure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(h)(2)(B). A district court may "dispos[e] of the motion by dismissal rather than judgment." Sprint Telephony PCS, 311 F. Supp. at 902-03.

Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED:  February 28, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE