UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JUSTIN WESLEY SUMMERFIELD,
JAMES EDWARD SUMMERFIELD,

      Plaintiffs,

  v.

WAYNE FACKRELL, MARIO ANGELONE,

      Defendants.
_____/

NO. CIV. 2:10-2884 WBS EFB

ORDER RE: MOTION TO DISMISS

----oo0oo----

      Plaintiffs Justin Summerfield and James Summerfield bring this action for damages pursuant to 35 U.S.C. § 1983 against defendants Wayne Fackrell and Mario Angelone, alleging violations of their rights under the Fourth and Fourteenth Amendments.  Presently before the court is defendants' motion to dismiss James Summerfield's claims for failure to timely move for substitution following his death pursuant to Federal Rule of Civil Procedure 25.

///

1

I.   <u>Factual and Procedural Background</u>

   Plaintiffs allege that their civil rights were violated during a confrontation that took place at the residence of Maria Summerfield, who is James Summerfield's daughter and Justin Summerfield's sister.  (Compl. ¶¶ 10-20.)  During this confrontation, plaintiffs claim that defendants, both acting as employees of Trinity County, struck and pepper sprayed Justin Summerfield, grabbed and struggled with James Summerfield, and arrested both plaintiffs on felony charges.  (<u>Id.</u>)

   Plaintiffs filed this Complaint on October 27, 2010.  (Docket No. 1.)  James Summerfield died on April 30, 2011.  (Mem. of P. & A. Ex. A ("Summerfield Dep.") at 10:3-6 (Docket No. 20).)  After learning of James Summerfield's death, defendants filed a Notice of Death with the court.  (Docket No. 16).  On July 2, 2011, a copy of the Notice of Death was personally served on Stacy Summerfield, the wife of James Summerfield.  (Docket No. 17.)  No party has filed a motion for substitution.

   Defendants filed this motion to dismiss on November 23, 2011.  (Docket No. 20.)  Neither an opposition nor a statement of non-opposition has been filed.

II.  <u>Discussion</u>

   The first question the court must address is whether James Summerfield's claims survive his death.  Under 42 U.S.C. § 1988, § 1983 actions are governed by "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of [the] civil . . . cause is held, so far as the same is not inconsistent with the Constitution and statutes of the United States."  42 U.S.C. § 1988.  Interpreting

2

this provision, the Supreme Court held that district courts must look to the law of the forum state in order to determine whether an action brought under § 1983 survives the death of the plaintiff. <u>Robertson v. Wegmann</u>, 436 U.S. 584, 589-90 (1978). Accordingly, in this case California law governs questions of survivorship.

Defendants do not dispute that under California law James Summerfield's claims survived his death and that his survivors could have stepped into his shoes and pursued his claims. <u>See</u> Cal. Code Civ. P. § 377.20; <u>Williams v. City of Oakland</u>, 915 F. Supp. 1074, 1076 (N.D. Cal. 1996).

The court's inquiry, however, does not end there. Under Rule 25(a) of the Federal Rules of Civil Procedure,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Proc. 25(a). This ninety-day period begins to run only after two requirements are met: (1) a party must formally suggest the death of the party on the record; and (2) the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death. <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th Cir. 1994) (citing Fed. R. Civ. P. 25(a)(1); <u>Anderson v. Aurotek</u>, 774 F.2d 927, 931 (9th Cir. 1985); <u>Grandbouche v. Lovell</u>, 913 F.2d 835 (10th Cir. 1990); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991)). The suggestion of death must be served on parties in accordance with Rule 5 and served on nonparties in accordance with Rule 4. Fed.

3

R. Civ. P. 25(a)(3).

In this case both requirements have been met. Defendants filed a Notice of Death with the court on June 2, 2011, which both formally suggested the death of the party on the record and effected service on Justin Summerfield in accordance with Rule 5. Defendants also personally served James Summerfield's wife with the Notice of Death on July 2, 2011, in accordance with Rule 4. The ninety-day period, therefore, began to run on July 2, 2011, and expired on September 30, 2011. No motion of substitution was filed before September 30, nor has any motion of substitution been filed since.

IT IS THEREFORE ORDERED that defendants' motion to dismiss James Summerfield's claims be, and the same hereby is, GRANTED.

DATED: January 11, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE